IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEXTER D. STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-cv-318-NJR |
| ) | |
| CASEYVILLE POLICE DEPT., ) | |
| and JAMES GOMRIC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court for case management. Plaintiff Dexter D. Stewart, a pretrial detainee at the St. Clair County Jail, filed this civil rights action on March 22, 2021 (Doc. 1). On March 26, 2021, the Court entered an order dismissing the Complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim, because both the "Statement of Claim" and "Request for Relief" sections of the form Complaint were blank. (Doc. 8). Stewart was given until April 23, 2021, to file an amended complaint if he wished to further pursue his claims, and the Clerk of Court mailed him a blank complaint form for his use in preparing his amended pleading. Stewart was warned that if he failed to submit an amended complaint, this case would be dismissed with prejudice.

The April 23 deadline has come and gone, and Stewart has failed to respond in any way. This action is thus subject to dismissal for failure to prosecute and for failure to comply with a court order.

Accordingly, this entire action is **DISMISSED with prejudice** for failure to prosecute. FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

Because the original Complaint did not contain sufficient allegations for the Court to evaluate its merits, the Court does not count this dismissal as one of Stewart's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Stewart's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Stewart wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Stewart plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Stewart does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Stewart may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED:** May 12, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**